David J. Jordan (#1751)
djjordan@stoel.com
David L. Mortensen (#8242)
dlmortensen@stoel.com
Jill M. Pohlman (#7602)
jmpohlman@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131

Attorneys for Plaintiff
GAGE, Inc.

FILED
U.S. DISTRICT COURT
2008 JAN 18  P 4: 27
DISTRICT OF UTAH
BY:_____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAGE, Inc., a Utah corporation,,<br><br>Plaintiff,<br><br>v.<br><br>BIOCONVERSION TECHNOLOGY, LLC, a Colorado limited liability company; ROBERT E. KLEPPER, an individual; KENNETH L. KLEPPER, an individual; and JOHN DOES 1 through 10,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case: 2:08cv00057<br>Assigned To : Benson, Dee<br>Assign. Date : 1/18/2008<br>Description: Gage v. Bioconversion Technology et al |

Plaintiff GAGE, Inc. hereby complains against defendants BioConversion Technology, Inc., Robert E. Klepper, Kenneth L. Klepper, and John Does 1 through 10, and for its causes of action alleges as follows:

## PARTIES

1. Plaintiff GAGE, Inc. ("GAGE") is a corporation organized and existing under the laws of the State of Utah with its principal place of business at 230 East South Temple, Salt Lake City, Utah 84111.

2. Defendant BioConversion Technology, LLC ("BCT") is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business at 6535 North Washington Street, Denver, Colorado.

3. Defendant Robert E. ("Bud") Klepper ("Bud Klepper") is an individual residing in Arvada, Colorado. Bud Klepper is a former manager of BCT.

4. Defendant Kenneth L. Klepper ("Ken Klepper") is an individual residing in Arvada, Colorado. Ken Klepper is the President of BCT. BCT, Bud Klepper, and Ken Klepper are referred to collectively herein as the "BCT Defendants."

5. On information and belief, the true capacities, whether individual, corporate, or otherwise, of defendants named herein as John Does 1 through 10 are not fully known to GAGE, which sues such defendants by such fictitious names (collectively the "John Doe Defendants"). The John Doe Defendants are various persons, who participated as co-conspirators in some and/or all of the acts complained of herein and performed acts and made statement in furtherance thereof. Among other things, GAGE believes the John Doe Defendants conspired with and/or induced the BCT Defendants to breach the promises and agreements set forth herein. GAGE will amend this complaint to show the unknown John Doe Defendants' true names and capacities upon full ascertainment thereof.

## JURISDICTION & VENUE

6.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). There is diversity of citizenship between GAGE, on the one hand, and the BCT Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.       Venue in this Court is proper under 28 U.S.C. § 1391(a)(2). The BCT Defendants are subject to personal jurisdiction in the Central District of Utah and a substantial part of the events giving rise to GAGE's claims arose here.

## GENERAL ALLEGATIONS

8.       On May 24, 2004, the BCT Defendants and GAGE entered into a written license agreement (the "License Agreement"). Pursuant to the License Agreement and on the terms set forth therein, the BCT Defendants granted GAGE certain license rights in certain technology as defined in the License Agreement.

9.       On January 16, 2007 and subsequently on March 7, 2007, BCT sent a letters to GAGE seeking to terminate the License Agreement.

10.      Since then, the BCT Defendants have failed and/or refused to perform under the License Agreement.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)
### (Against the BCT Defendants)

11.      GAGE hereby incorporates and realleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. An actual controversy has arisen and now exists between GAGE and the BCT Defendants concerning the parties' respective rights and duties under the License Agreement. The BCT Defendants contend that GAGE is in default under the License Agreement, and that the License Agreement has been terminated. GAGE disputes this contention and asserts that it has satisfied its obligations under the License Agreement which remains valid and enforceable.

13. As a party to the License Agreement, and pursuant to 28 U.S.C. § 2201(a), GAGE is entitled to a declaration determining the respective rights and obligations of the parties under the License Agreement. A declaration from this Court is necessary and appropriate at this time in order that the parties may know and exercise their rights in relation to the marketing of the Technology and the enforcement of GAGE's contractual rights under the License Agreement.

14. Specifically, GAGE is entitled to a declaration that (a) GAGE is not in default of the License Agreement; and (b) the License Agreement is valid and enforceable.

15. GAGE is also entitled to recover the costs and expenses, including reasonable attorneys' fees, it has incurred and will incur in pursuit of this remedy.

## SECOND CAUSE OF ACTION
### (Breach of Contract)
### (Against the BCT, Defendants)

16. GAGE hereby incorporates and realleges paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. The License Agreement is a valid and binding contract.

18. GAGE has performed, and continues to perform, all of its obligations under the License Agreement.

19. The BCT Defendants have breached the License Agreement, and continue to breach the License Agreement.

20. GAGE has made repeated demanded that the BCT Defendants perform their obligations under the License Agreement.

21. As a direct and proximate result of the foregoing, GAGE has suffered, and will continue to suffer general and consequential damages in an amount to be proven at trial, but not less than $50 million, plus interest.

22. GAGE is also entitled to recover the costs and expenses, including reasonable attorneys' fees, it has incurred and will incur in connection with the parties' dispute and its pursuit of its remedies under the License Agreement.

23. Because monetary damages alone will not fully compensate and restore the damages to GAGE that have been caused by the BCT Defendants' breach of the License Agreement, GAGE is also entitled to an order and award of specific performance affirmatively requiring the BCT Defendants to honor the terms of the License Agreement.

### PRAYER

Wherefore, GAGE respectfully prays for judgment against BCT, Bud Klepper, Ken Klepper, and the John Doe Defendants as follows:

**On the First Cause of Action**

1. For a declaration that (a) GAGE is not in default of the License Agreement; and (b) the License Agreement is valid and enforceable; and

2. For all attorneys' fees, expenses, and costs incurred in an amount according to proof.

### On the Second Cause of Action

1. For actual damages, including general and consequential damages, in an amount according to proof but not less than $50 million dollars, plus interest which continues to accrue thereon;

2. For an order and award of specific performance affirmatively requiring the BCT Defendants to honor the terms of the License Agreement.

3. For all attorneys' fees, expenses, and costs incurred in an amount according to proof.

### On All Causes of Action

1. For pre- and post-judgment interest on all damages awarded;

2. GAGE's costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff GAGE, Inc. hereby demands a jury trial of all issues in this action triable as of right by a jury.

DATED: January 18, 2008.

STOEL RIVES LLP

_____
David J. Jordan
David L. Mortensen
Jill M. Pohlman

Attorneys for Plaintiff
GAGE, Inc.

**Plaintiff's Address:**

230 E. South Temple, Suite 100
Salt Lake City, UT 84111

50 West 3900 South, Suite 1-A
Salt Lake City, UT 84107

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GAGE, Inc.

**DEFENDANTS**
BioConversion Technology, Inc., Robert E. Klepper, Kenneth L. Klepper, and John Does 1 through 10

(b) County of Residence of First Listed Plaintiff: Salt Lake
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David J. Jordan, David L. Mortensen, Jill M. Pohlman, Stoel Rives LLP,
201 South Main, #1100, Salt Lake City, UT 84111-4904, (801) 328-3131

Attorneys (If Known)

FILED U.S. DISTRICT COURT
2008 JAN 18 P 2:27
DISTRICT OF UTAH
BY: DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 (a)(1)
Brief description of cause:
Suit for damages and specific performance on technology license agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 50,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 1-18-08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

Case: 2:08cv00057
Assigned To : Benson, Dee
Assign. Date : 1/18/2008
Description: Gage v. Bioconversion Technology et al