___

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH
___

| | | |
|---|---|---|
| **GAGE, Inc., a Utah corporation**, | : | |
| Plaintiff, | : | Civil No. 2:08-cv-0057 |
| vs. | : | **RULING** |
| **BIOCONVERSION TECHNOLOGY, LLC,** a Colorado limited liability company; **ROBERT E. KLEPPER, an individual; KENNETH L. KLEPPER, an individual;** and **JOHN DOES 1 through 10,** | : | **JUDGE DEE BENSON** **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendants. | | |

___

Oral arguments were heard by this Court on July 20, 2010.[1] Attorney David Jordan argued on behalf of Plaintiff GAGE Inc. ("GAGE"), and attorney Richard Johnston argued on behalf of defendants Vinod Khosla, Range Fuels, and Khosla Ventures (collectively known as the "Khosla defendants"). At the conclusion of the hearing, the Court granted the Khosla defendants' unopposed "Motion For Leave To File Amended Answers To GAGE's Second Amended Complaint"[2] and denied GAGE's

___

[1] Docket No. 139.

[2] Docket No. 127.

"Motion To Appoint A Special Master And For Sanctions."[3] The remaining motion, defendants' "Motion To Compel Discovery,"[4] was taken under advisement. Now, having considered the parties arguments, memoranda and relevant legal authorities, the Court rules as follows and denies defendants' motion to compel.

In this case, GAGE claims that as a result of wrongful actions by defendants, it has suffered damages through lost sales to various third parties.[5] Interrogatory fourteen (14) of defendants' first set of interrogatories requests information relating to GAGE's damages claim including the identity of plaintiff's third party customers, as well as the alleged revenue and profits lost therefrom.[6] On February 19, 2010, GAGE

---

[3]Docket No. 123.

[4]Docket No. 117.

[5]Document No. 16.

[6]Specifically, interrogatory Number 14 requests that plaintiff: "[d]escribe in detail each business opportunity that you claim you have lost as a result of any wrongful action by Range Fuels, Khosla Ventures, and/or Vinod Khosla, including by describing:
  (a) the business opportunity that GAGE lost;
  (b) all other entities involved in any way in the business opportunity and the nature of their involvement;
  (c) the actions by Range Fuels, Khosla Ventures, and/or Vinod Khosla that prevented you from realizing the business opportunity;
  (d) the date on which the business opportunity would have been realized had it not been lost;
  (e) the terms of, and parties to, any contract(s) that would have been entered into had the business opportunity not be [sic] lost;
  (f) all of the obligations that you would have had the business opportunity not been lost;
  (g) every benefit that you would have received as a result of the business opportunity had it not been lost, including any "site license revenue" "revenue from equipment sales and fees," or "royalties" that GAGE would have obtained, as alleged in GAGE's response to BCT's Interrogatory No. 13; and

served its supplemental response to interrogatory fourteen (14) listing approximately twelve "lost" customers for which it claimed over $130 million in damages. GAGE identified and provided damages information for six of the twelve listed customers. The remaining six customers, however, (including JetBlue, American Ethanol, Amalgamated Sugars, Earthanol, Cavico Energy in Vietnam and companies located in Guatemala and Colombia), are the subject of defendants' current motion to compel[7]. As to those remaining six customers, defendants contend that the limited information provided by GAGE is inadequate because it fails to specifically identify the amount of revenue and profits lost, the number of processors and site licenses to be sold and the actual names of the potential customers located in Guatemala and Colombia.

In response, GAGE argues that it has satisfied all of its discovery obligations to the fullest extent possible, and that it is incapable of producing information which it does not possess. Furthermore, GAGE asserts that any challenge to its claim for damages is not appropriate for a motion to compel since defendants cannot compel the production of factual information that GAGE does not have.

Under Utah law, a plaintiff seeking to recover lost profits must establish such damages with reasonable certainty.[8] Such standard requires proof of "(1) the fact of

---

      (h) [sic] the total amount of profits that GAGE would have obtained from business opportunity had it not been lost

[7] Federal Rule of Civil Procedure, 37(a).

[8] <u>Beck's Office Furniture & Supplies v. Haworth</u>, 1996 U.S. App. LEXIS 20608 *25.

lost profits, (2) causation of lost profits, and (3) the amount of lost profits."[9] At oral argument, GAGE asserted that it would establish damages, with reasonable certainty, for the six entities at issue. through its expert witness reports. Thus, while the standard for establishing damages in Utah is clear, the Court concludes that this is not the appropriate juncture or forum within which to address defendants' concerns.

A motion to compel is designed to secure a party's response when that party has refused to respond to requests.[10] A motion to compel is not, however, the appropriate context in which to evaluate the sufficiency of GAGE's damages evidence and determine the merits of the damages claim. Any such a challenge is more appropriate as a motion for partial summary judgment.[11] While at this juncture the Court questions the sufficiency of the responses to defendants' interrogatory, specifically with respect to the six entities at issue, it is prudent to consider all relevant information and challenge remaining insufficiencies, if any, through summary judgment.

Accordingly, the Khosla defendants' motion to compel is hereby denied.

DATED this __27th__ day of July, 2010.

BY THE COURT:

_Brooke C. Wells_

Brooke C. Wells
United States Magistrate Judge

---

[9] Skier's Edge Co. v. Ladapa Die & Tool, Inc., 99 Fed. Appx. 949 **8.

[10] Federal Rule of Civil Procedure 37(a)(2)(B).

[11] Federal Rule of Civil Procedure 56.